IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | Cause No. CV 21-61-H-SEH<br><br><br>ORDER |

On August 3, 2021, Plaintiff Dennis Friedt ("Friedt") filed a complaint under 42 U.S.C. § 1983 alleging that members of the Montana Board of Pardons and Parole and the Lewis and Clark County district court clerk violated his rights under the First Amendment.[1] On September 7, 2021, the Court found his complaint failed to state a claim on which relief may be granted, explained why, and gave him an opportunity to amend.[2] Friedt responded on September 14, 2021 with a document

---

[1] Doc. 1 at 1.

[2] Doc. 7 at 3–4.

titled "Motion Detailed Answer for the Magistrate Judge; One Answer for his Order; One Answer Detailed for Show of Cause: How my First Amendment was 'Violated.'"[3]

## I. Complaint and Amendment

The Court, in its September 7, 2021 Order,[4] required Friedt to amend his pleading and "state what each defendant did, the approximate date of the occurrence, and how the defendant's action violated or caused a violation of a federal right."[5]

In his response filed September 14, 2021,[6] Friedt contends that he was punished in January 2021 when he was cited for lying and failure to obey a written policy,[7] that he was punished in February 2021 by loss of ten days' recreation, and by 20 hours of extra duty.[8] Friedt also alleges that his statement to a district court

---

[3] Doc. 9.

[4] Doc. 7.

[5] Doc. 7 at 3–4 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2)).

[6] Doc. 9.

[7] Doc. 9 at 2 (*citing* Doc. 9-1).

[8] Doc. 9 at 2–3 (*citing* Apps. D, F).

2

clerk in March 2021 was not insolent[9] and that her opinion "costed me 20 hours extra duty and 15 days rec loss."[10] Friedt's pleading does not plausibly show he is entitled to relief under 42 U.S.C. § 1983.

Friedt's claimed loss of ten or 15 days' recreation and 20 or 26 hours of extra duty appropriately "effectuate[d] prison management and prisoner rehabilitative goals"[11] without imposing an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."[12] His punishment for lying and failing to obey a written policy did not violate either the First Amendment or the Fourteenth Amendment.

Friedt fails to identify any federal right the deputy clerk violated by contacting prison staff and fails to explain how she caused him to incur "20 hours extra duty and 15 days rec loss."[13] He has failed to allege facts supporting a reasonable inference that a defendant is legally accountable for violating a federal

---

[9] Doc. 9 at 1–2 (*citing* Apps. A, B, and F).

[10] Doc. 9 at 3–4 (*citing* App. E).

[11] *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

[12] *Id.* at 484.

[13] Doc. 9 at 4.

3

right.[14] Dismissal is appropriate.

Notwithstanding that Friedt was granted leave to proceed in forma pauperis upon conditions stated by the Order,[15] he now asserts that he should be exempt from any obligation to pay any part of the mandated filing fee.[16] Such an assertion accomplishes no legitimate basis for the Court to conclude that any appeal in forma pauperis of the claims alleged could be taken in good faith.[17]

Prisoners must pay the filing fee.[18] Well-established law contradicts Friedt's assertions of his legal rights. Although Friedt was granted leave to proceed in forma pauperis in this Court, an appeal would not be taken in good faith.[19]

**ORDERED**:

1. Friedt's complaint and amendment[20] are DISMISSED WITH

---

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007).

[15] Doc. 7.

[16] Doc. 9.

[17] *See* Fed. R. App. P. 24(a)(3)(A).

[18] *See* 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84, 136 S. Ct. 627, 629 (2016); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

[19] *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

[20] Docs. 1, 9.

4

PREJUDICE, without leave to amend, for failure to state a claim.

2. The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

3. By separate document, the clerk shall enter a judgment in favor of Defendants and against Plaintiff.

DATED this 26th day of October, 2021.

Sam E. Haddon
United States District Court